UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA CRANE,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO,<br><br>    Defendant. | Case No.: 4:13-cv-1932 KAW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

Plaintiff Barbara Crane filed this case against Defendant Wells Fargo in the Marin County Superior Court on March 28, 2013. Defendant removed the case to this Court on April 26. On May 29, Plaintiff filed a motion to remand the case to the Superior Court. The motion was fully briefed, and was heard on July 18, 2013. Barbara Crane appeared pro se. Laszlo Ladi appeared on behalf of Defendant Wells Fargo.

Plaintiff argues that this case should be remanded to state court because Wells Fargo is a citizen of California, and the amount in controversy is less than $75,000. As the Court finds that Wells Fargo is not a citizen of California for diversity purposes, and the amount in controversy at the time of the removal met the jurisdictional requirement, the motion to remand is denied.

District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). There is a "strong presumption against removal jurisdiction." *Gaus v. Miles, Inc.*,

980 F.2d 564, 566 (9th Cir.1992).  This principle dictates that the removal statute be "strictly construed against removal jurisdiction." *Id.*

### A. Citizenship of Wells Fargo

Plaintiff argues that because Defendant Wells Fargo is a citizen of California, this case must be remanded to state court because there is not complete diversity between the parties.  Defendant argues that it is a citizen of South Dakota, where its main office is located, but admits that its principal place of business is in California.

District courts in the Ninth Circuit, and other Circuits, are split regarding whether Wells Fargo is a citizen of only South Dakota, or is a citizen of both South Dakota and California.  Defendant's citizenship for diversity purposes is governed by 28 U.S.C. § 1348, which provides that national banks "shall . . . be deemed citizens of the States in which they are respectively located."  The word "located" has recently been interpreted in two ways.  Some courts have held that, under § 1348, a national bank is a citizen solely in the state where its main office is located; others have held that, like other corporations, a national bank is a citizen of both the state where its main office is located, and of the state where it has its principal place of business.  For the reasons explained below, this Court holds that Wells Fargo is solely a citizen of South Dakota for the purposes of diversity jurisdiction.

In *American Surety Co. v. Bank of California*, 133 F.2d 160 (9th Cir. 1943)—the only Ninth Circuit case to address the issue—the Court held that, for the purposes of this statute, a national bank is "located" in the state where it maintains its principal place of business.  The bank at issue in this case was Bank of California, which maintained its principal place of business—and presumably its main office—in California, but had a branch office in Oregon.  The Court rejected the argument that Bank of California should be considered a citizen of Oregon because it had a branch office there.  *Id.* at 162.  After noting that no case had defined the word "located," the Court decided that it was "logical" to define the word to mean "those states in which [banks'] principal places of business are maintained."  Accordingly, the Court found that "defendant is a citizen *only* of the state in which its principal place of business is located, the State of California."  *Id.* (emphasis added).

More recently, in *Wachovia Bank v. Schmidt*, the United States Supreme Court held that for purposes of § 1348, a national bank is "located" in the state in which its main office, as designated in

its articles of incorporation, is located. 546 U.S. 303, 307 (2006). Like the Court in *American* Surety, the Supreme Court rejected the argument that a national bank is "located" in each state in which it maintains a branch. *Id.* The Court noted that the word "located" does not have a "fixed, plain meaning," but held that under § 1348, "one would sensibly 'locate' a national bank for . . . diversity jurisdiction, in the State designated in its articles of association as its main office." *Id.* at 318. The Court noted that under § 1332(c)(1), a corporation is considered to be a citizen of the state of its main office and the state of its principal place of business, and discussed the distinction between § 1348 and §1332(c) (1):

> Congress has prescribed that a corporation 'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.' 28 U.S.C. § 1332(c)(1). The counterpart provision for national banking associations, § 1348, however, does not refer to 'principal place of business'; it simply deems such associations 'citizens of the States in which they are respectively located.' The absence of a 'principal place of business' reference in § 1348 may be of scant practical significance for, in almost every case, as in this one, the location of the national bank's main office and of its principal place of business coincide.

*Id.* at 318 n.9.

Thus, *Schmidt* did not hold that a national bank may *only* be considered a citizen of the state in which its main office is located, and did not expressly address the situation in this case, where the state of a national bank's principal place of business differs from the state where its main office is located. *Schmidt* did not foreclose the possibility that a national bank, like other corporations, could be considered a citizen of two states.

However, *Schmidt* did foreclose the possibility that a national bank could only be considered a citizen of the state of its principal place of business. Because *American Surety* defined "located" to mean *only* where a national bank maintains its principal place of business, and *Schmidt* defined "located" to mean, at least, where the bank maintains its main office, *American Surety* established an exclusive tests for citizenship that is irreconcilable with *Schmidt*, and is no longer good law.

Because *American Surety* is abrogated, there is no source of authority that defines "located" in § 1348 to mean the state of a national bank's principal place of business. Although *Schmidt* did not squarely address the factual situation of this case, where Wells Fargo's main office is in a different state than its principal place of business, it did hold that a national bank is a citizen of the state of its

3

1  main office. The Court therefore finds that Wells Fargo is a citizen of the state where it maintains its
2  main office—South Dakota—and, in the absence of authority establishing that it is also a citizen of
3  the state of its principal place of business, that it is not a citizen of California.
4      In so holding, this Court joins a number of other district courts that came to similar
5  conclusions. *See*, *e.g.*, *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1027–28
6  (N.D. Cal. Oct. 27, 2010); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1123–24 (N.D.
7  Cal. Jun. 9, 2010) (finding that there was no "controlling Ninth Circuit authority" applying the
8  principal place of business test to Wells Fargo); " *Tse v. Wells Fargo Bank, N.A.*, C10-4441 TEH,
9  2011 WL 175520 (N.D. Cal. Jan. 19, 2011) (finding that "the fairest reading of footnote nine [in
10 *Schmidt*] is that the Supreme Court expressed skepticism over whether the term 'located' in § 1348
11 included a national bank's 'principal place of business,' in view of the absence of such term in the
12 statute."); *Flores v. Wells Fargo Bank*, 3:11-CV-06619, 2012 WL 832546 (N.D. Cal. Mar. 12, 2012)
13 (interpreting *American Surety*'s statement that the Bank of California was a citizen "only" of the state
14 in which its principal place of business was located as a holding that "the principal place of business
15 rule is the exclusive test for citizenship of national banks for diversity jurisdiction purposes").

### B. Amount in Controversy

17     Plaintiff argues that this case should be remanded because the amount in controversy
18 requirement is not met. Plaintiff's original complaint, which was filed in the Marin County Superior
19 Court, sought damages well in excess of $75,000. *See* Dkt # 1 at 61 (seeking general damages,
20 special damages of $300,000 or more, punitive damages of $300,000 or more, injunctive relief,
21 compensatory damages of $300,000 or more, and attorney fees and costs). After the case was
22 removed to this Court, Plaintiff filed an amended complaint seeking less than $75,000 in damages.
23 She also made an offer to settle the case for well under the jurisdictional amount.
24     Jurisdictional facts are determined on the basis of a plaintiff's complaint at the time of
25 removal. 28 U.S.C. § 1441. Generally, the amount in controversy is determined from the face of the
26 pleadings. *See Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir.1986).
27 The sum claimed by the plaintiff controls so long as the claim is made in good faith. *Crum v. Circus*
28 *Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). In deciding whether a claim is made in

good faith, a Court must decide whether it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S. Ct. 1570, 1573, 6 L. Ed. 2d 890 (1961).

"[A] plaintiff may not defeat removal by subsequently changing his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938). "By choosing to overplead in his complaint, plaintiff has chosen to accept the risk that he will plead himself into federal court." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002).

Plaintiff's original complaint requested damages well in excess of the jurisdictional limit.  At the hearing, Plaintiff repeatedly asserted that she was aware of, and agreed with, the amount of damages requested in her original complaint when it was filed.  It appears that the damages claim was therefore made in good faith.  Plaintiff cannot now change her request for damages in order to avoid federal jurisdiction even if she is willing to ultimately settle the case for less.  Because Plaintiff's complaint sought damages in excess of the jurisdictional amount, and that request was made in in good faith, the Court will not consider extraneous evidence, such as the amount of Plaintiff's settlement offer.

Accordingly, it is hereby ORDERED that Plaintiff's motion to remand is denied.

On May 3, 2013, Defendant filed a motion to dismiss Plaintiff's complaint.  On June 19, Plaintiff filed a first amended complaint.  On July 2, Defendant filed a motion to dismiss the first amended complaint, which is currently set for hearing on September 5.  In light of Defendant's pending motion to dismiss, Defendant's first motion to dismiss is DENIED without prejudice, and the case management conference currently scheduled for July 23 is VACATED.

DATE: July 19, 2013

KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE