UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA CRANE,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO,<br><br>    Defendant. | Case No.: 4:13-cv-1932 KAW<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION |

    Plaintiff Barbara Crane, who is pro se, filed this case against Defendant Wells Fargo in the Marin County Superior Court on March 28, 2013. Defendant removed the case to this Court on April 26.

    On May 3, Defendant filed a motion to dismiss. Plaintiff did not oppose the motion to dismiss, but filed a motion to remand the case to the Superior Court on May 29, and a First Amended Complaint on June 19. Defendant filed a motion to dismiss the First Amended Complaint on July 2.

    Plaintiff's motion to remand was fully briefed, and the Court denied it on July 19. On August 6, the Court ordered Plaintiff to show cause why her case should not be dismissed, as she had not opposed Defendant's motion to dismiss the First Amended Complaint. In response, Plaintiff filed a declaration stating that she wanted "to prosecute this action vigorously." In addition, Plaintiff asked the Court to reconsider its denial of her motion to remand.

Plaintiff writes that she "believed incorrectly that the declaration I last filed with the Court would be addressed as a motion for reconsideration of the Court's denial of my Motion to Remand, since I did not understand the Court's questions concerning the damages claimed in my original complaint, which was filed [by] my former attorney without showing me the complaint, or telling me the amount of damages prayed for, or asking my input on the amount of damages I wanted." Dkt # 38 at 2. Although this portion of Plaintiff's filing appears to refer to a previous filing, the Court has not received any other documents from Plaintiff since the Court issued its order denying her motion to remand. Plaintiff also writes:

> When I appeared in Court to argue in support of my Motion to Remand, I mistakenly thought the Court was asking whether I reviewed the pleadings filed by my second attorney, which I did. However, I am 83 years old and I do not hear as well now nor am I gifted with the impeccable memory I had earlier in life, and I misunderstood the Court's questions regarding whether I reviewed the original Complaint before it was filed. <u>I did not.</u>

Dkt # 38 at 2.

It appears that Plaintiff is seeking leave to file a motion for reconsideration of the Court's denial of her motion to remand. Pursuant to Civil Local Rule 7-9 (a), "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." The moving party should show:

> That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order. . . .

Civil Local Rule 7-9(b) (irrelevant portions omitted).

The Court will construe Plaintiff's filing as a motion for leave to file a motion for reconsideration. Plaintiff's grounds for reconsideration are that she did not understand the Court's question regarding her original complaint during the hearing, and therefore answered the question incorrectly. There is difference in fact between what was presented to the Court and what Plaintiff is now declaring under penalty of perjury—that is, that Plaintiff was not aware of the amount of damages sought in her original complaint. The difference of fact appears to be

2

material, as it is relevant to whether that amount of damages was sought in good faith. *See Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) (the sum claimed by the plaintiff controls so long as the claim is made in good faith). Plaintiff has also shown that she was reasonably diligent, as she attests under penalty of perjury that she did not understand the question posed to her during the hearing. If this is true, Plaintiff would not have had any reason to be aware of the Court's understanding of the facts until she received the Court's order denying her motion for remand.

Accordingly, it is hereby ORDERED that Plaintiff is granted leave to file a motion for reconsideration of the Court's denial of her motion to remand. Plaintiff's motion shall be filed within 30 days of this order. Defendant may file its opposition to the motion for reconsideration within 14 days after Plaintiff's motion is filed. Plaintiff may file a reply brief within 7 days of the filing of Defendant's opposition.

The Court will not rule on Defendant's motion to dismiss Plaintiff's First Amended Complaint unless and until it determines that the case should not be remanded to state court.

It is so ORDERED.

DATE: August 23, 2013

KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE