MARK D. LONERGAN (State Bar No. 143622)
EDWARD R. BUELL, III (State Bar No. 240494)
LASZLO LADI (State Bar No. 265564)
ll@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
Wells Fargo Bank, N.A. (erroneously sued herein as "Wells Fargo")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA — OAKLAND DIVISION

| | |
|---|---|
| BARBARA CRANE,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO, DOES 1-20, inclusive,<br><br>Defendants. | Case No. C13-1932-KAW<br><br>**WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS** |

## I. INTRODUCTION

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moved to dismiss the First Amended Complaint ("FAC") of plaintiff Barbara Crane ("Plaintiff") on July 2, 2013. Plaintiff did not oppose the motion and instead asked the Court to reconsider her motion to remand that was denied on July 19, 2013. On August 23, 2013, the Court issued an order granting Plaintiff leave to file a motion for reconsideration of the motion to remand, within 30 days. Plaintiff did not file a motion for reconsideration, and the Court issued another order on October 24, 2013 giving Plaintiff until November 8, 2013 to show cause why the action should not be dismissed for failure to oppose Wells Fargo's motion to dismiss. Plaintiff filed her opposition on November 8, 2013.

## II. ARGUMENT

**A.  The Court Should Not Remand The Action Because The Amount in Controversy is Met Because the Complaint Sought to Enjoin a Foreclosure.**

In Plaintiff's response to order to show cause, Plaintiff again restates her objection to the Court's jurisdiction on the grounds that diversity citizenship is not met.  The Court has already ruled on this issue and Plaintiff presents no new arguments.  Nor has Plaintiff complied with the procedure set by the Court and filed a Motion for Reconsideration.  Even if she had, Plaintiff has no grounds.  Although the Court's order left open the possibility of reconsideration of Plaintiff's motion to remand on the basis that Plaintiff was misled by her former attorney regarding the amount requested in the Complaint, Wells Fargo contends even this is not grounds for remand.  As discussed in Wells Fargo's notice of removal and opposition to Plaintiff's motion to remand, Plaintiff's request for an injunction against the foreclosure is enough by itself to meet the amount in controversy requirement.

"The amount in controversy is determined by evaluating the allegations on the face of the complaint."  *Huber v. Tower Grp., Inc.*, 881 F. Supp. 2d 1195, 1198 at fn. 2. (E.D. Cal. 2012).  In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the object of the litigation.  *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).  "If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation." *See Garfinkle v. Wells Fargo Bank,* 483 F.2d 1074, 1076 (9th Cir.1973); *Garcia v. Citibank, N.A.*, 2010 WL 1658569 at * 2 (E.D. Cal. Apr. 23, 2010); *Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785 at *4 (N.D. Cal. June 29, 2010).  Here, in the original complaint Plaintiff sought an order enjoining the trustee's sale on subject property.  *See*, *e.g.*, Compl. ¶¶ 26, 27.  In fact Plaintiff even filed an ex parte application to postpone the trustee's sale. See Notice of Removal, Ex. A. at pp. 17–38.  Therefore, the primary purpose of the lawsuit is enjoinment of a sale of the property.  *Cf. Vonderscher v. Green Tree Servicing, LLC*, 2013 WL 1858431 at *4 (E.D. Cal. May 2, 2013)(loan was not in default, plaintiffs sought a loan modification and therefore the Court ruled that the complaint was primarily a common law fraud action).

As a result, even if Plaintiff does file a motion for reconsideration of her motion to remand, and files a declaration that her attorney mistakenly requested damages in excess of $75,000, Plaintiff's request for enjoinment of a sale of the property is enough, by itself, to meet the amount in controversy.

**B.  The Opposition Does Not Rescue the FAC.**

   **1.  The Deed of Trust Specifies Any Forbearance is Not a Waiver of Wells Fargo's Rights.**

In her Opposition, Plaintiff first contends that Wells Fargo has not produced a single piece of evidence to support its position that Plaintiff was required to repay the difference between the amount under the forbearance agreement and Plaintiff's regular payments. Opp. at 2:1–6. However, Plaintiff overlooks section 12 of the Deed of Trust. As stated in Wells Fargo's Motion to Dismiss the FAC, this section states forbearance by the lender is not a waiver of the lender's rights. RJN Ex. A. at § 12; FAC Ex. A. at § 12 ("Any forbearance by Lender in exercising any right or remedy including…Lender's acceptance of payments…in amounts less than normally due, shall not be a waiver or preclude the exercise of any right or remedy.") Again, as stated in Wells Fargo's Motion to Dismiss the FAC, Plaintiff cannot make a fraud claim (for false representation) based on such an alleged oral representation. "[F]raud may not, however, consist of promises contrary to those contained in the written contracts." *Partanian v. Flodine*, 95 Cal.App.2d Supp. 931, 934 (1950). As its name suggests, a forbearance agreement is only a forbearance from exercising one's rights. Wells Fargo need not provide Plaintiff another document to support its position because the Deed of Trust already clarifies this position.

   **2.  The Statute of Limitations for Plaintiff's Promissory Estoppel Claim Began in January 2011.**

Next, Plaintiff attempts to argue that Wells Fargo breached the forbearance agreement in August 2011 when it recorded the Notice of Default. Opp. at 2: 19–23. Plaintiff uses this argument to refute the two year statute of limitations defense raised by Wells Fargo in response to Plaintiff's claim for promissory estoppel. The action was filed on March 29, 2013. However, as discussed in Wells Fargo's Motion to Dismiss, Plaintiff's alleged forbearance agreement ended on

1 January 1, 2011 at the latest, and Plaintiff alleges she was told that Wells Fargo would not honor the agreement (as she understood it) at the end of the agreement. FAC ¶ 9. Therefore, the January 2011 date is relevant for determining when the statute of limitations began, not when the Notice of Default recorded in August 2011.

Moreover, Plaintiff does not address other Wells Fargo's argument about Plaintiff's claim for promissory estoppel. As stated in Wells Fargo's Motion to Dismiss, Plaintiff's alleged promise is simply not clear and definite it's terms. Plaintiff does not allege what would happen with the difference in monthly payments. "A contract will be enforced if it is sufficiently definite ... for the court to ascertain the parties' obligations and to determine whether those obligations have been performed or breached." *Ersa Grae Corp. v. Fluor Corp.*, 1 Cal.App.4th 613, 623 (1991).

**3. The Purported No Oral Agreements Document is Not At Issue in the FAC.**

Finally, Plaintiff contends that because Wells Fargo purportedly had her sign a document that states there were no oral agreements between the parties, this is somehow evidence that Wells Fargo is liable on Plaintiff's various claims. Opp. at 2: 24–3:2. However, this document is not at issue in the FAC. Nor has Wells Fargo raised it as a defense. Therefore, Plaintiff's argument has no bearing on the sufficiency of the FAC or Wells Fargo's Motion to Dismiss. Even so, Plaintiff misconstrues what is likely a simple document that acted as an integration clause and was meant to confirm the loan modification agreement was the final agreement between the parties and excluded parol evidence. There is nothing sinister about the use of such integration clauses.

### III. CONCLUSION

As discussed above, Plaintiff misconstrues what a forbearance agreement means. As its name implies, Wells Fargo simply refrained from exercising its rights in exchange for less than full monthly payments. The Deed of Trust specifies such forbearance is not a waiver of Wells Fargo's rights. As such, Plaintiff has not stated a claim in the FAC and the Opposition does not rescue the deficiencies present in each of Plaintiff's causes of action.

| | | |
|---|---|---|
| 1 | DATED:  November 19, 2013 | Respectfully submitted, |
| 2 | | SEVERSON & WERSON |
| 3 | | A Professional Corporation |

By:     */s/ Laszlo Ladi*
                Laszlo Ladi

Attorneys for Defendant Wells Fargo Bank, N.A.
(erroneously sued herein as "Wells Fargo")