United States District Court
Northern District of California

BARBARA CRANE,

    Plaintiff,

v.

WELLS FARGO, DOES 1-20, inclusive,

    Defendants.

Case No.: CV 13-01932 KAW

ORDER GRANTING DEFENDANT WELLS FARGO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

(Dkt. No. 28)

On July 2, 2013, Defendant Wells Fargo filed a motion to dismiss Plaintiff Barbara Crane's first amended complaint. (Def.'s Mot. to Dismiss First Am. Compl., "Def.'s Mot.," Dkt. No. 28.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without further briefing and without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Well Fargo's motion to dismiss in full without leave to amend, because any amendment to the pleadings would be futile.

### I.  BACKGROUND

On March 29, 2013, Plaintiff Barbara Crane, proceeding pro se, filed this case against Defendant Wells Fargo in Marin County Superior Court. (Compl., Dkt. No. 1.) Defendant removed the case to federal court on April 26, 2013. (Notice of Removal, Dkt. No. 1.) On May 3, 2013, Wells Fargo filed a motion to dismiss the initial complaint. (Dkt. No. 4.) Plaintiff did not oppose the motion to dismiss, but instead filed a motion to remand the case to state court on May 29, 2013. (Pl.'s Mot. for Remand, Dkt. No. 18.)

On June 19, 2013, Plaintiff filed an amended complaint consisting of nine causes of action: (1) Violation of Civil Code § 2923.4; (2) Violation of Civil Code § 2923.5; (3) Promissory Estoppel; (4) Violations of Section 1709 and 1710; (5) Constructive Fraud; (6) Unfair Business Practices; (7) Negligent Infliction of Emotional Distress; and (9) Loss of Credit Expectancy.

1

(First Am. Compl., "FAC", Dkt. No. 25.) On July 2, 2013, Wells Fargo filed a motion to dismiss the first amended complaint.

Plaintiff's motion to remand was denied on July 19, 2013. (Dkt. No. 35.) On August 6, 2013, the Court ordered Plaintiff to show cause why her case should not be dismissed for failure to prosecute, as she had not opposed Defendant's motion to dismiss the first amended complaint. (Dkt. No. 37.) On August 15, 2013, Plaintiff filed a declaration in response, captioned "Declaration of Barbara Crane in Response to Order to Show Cause; and in Opposition to Wells Fargo's Second Motion to Dismiss." (Decl. of Barbara Crane, "Crane Decl.", Dkt. No. 38.) Based on the content of the declaration, the Court construed the filing as a motion for leave to file a motion for reconsideration of the Court's denial of Plaintiff's motion to remand. (Dkt. No. 40.) The Court's August 23, 2013 order granted Plaintiff leave to file a motion for reconsideration within 30 days. (*Id.*) Plaintiff did not file a motion for reconsideration.

On October 24, 2013, the Court again ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute. (Dkt. No. 41.) On November 8, 2013, Plaintiff filed her "Opposition to Wells Fargo's Motion to Dismiss" and "Response to Order to Show Cause." (Pl.'s Opp'n to Mot. to Dismiss, "Pl.'s Opp'n," Dkt. No. 43; Pl.'s Resp. to Order to Show Cause, "Pl.'s Resp. to OSC," Dkt. No. 44.) In the opposition, Plaintiff contends that Defendant committed fraud and misrepresented the terms of the oral agreement the parties entered into, because there is no proof that Defendant was entitled to the difference in monthly payments—which Plaintiff contends were to be forgiven— under the special forbearance agreement after the conclusion of the 20-month term. (Pl.'s Opp'n at 2.) In Plaintiff's "Response to the Order to Show Cause", Plaintiff states that Defendant agreed to reduce her monthly payments for 20 months, but Defendant never told her that it expected repayment of the difference between her former and renegotiated payment amounts. (Pl's Resp. to OSC at 2.)

On November 19, 2013, Defendant filed its reply arguing that Plaintiff misconstrued her forbearance agreement, and, as a result, fails to state claim upon which relief may be granted. (Def.'s Reply, Dkt. No. 45.)

///

## II. LEGAL STANDARD

### A. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss based on rule 12(b)(6) challenges the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995).

In considering a 12(b)(6) motion, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).

A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts*." Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

///

**B.      Request for Judicial Notice**

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir.1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III.      DISCUSSION

**A.      Judicial Notice**

As a preliminary matter, Defendant asks that the Court take judicial notice of a number of documents in support of its motion to dismiss. (Def.'s Req. for Judicial Not., "RJN," Dkt. No. 29.) The documents are purportedly true and correct copies of: A) a Deed of Trust dated December 9, 2003 and recorded in the Marin County Recorder's Office; B) a Notice of Default and Election to Sell Under Deed of Trust recorded on December 6, 2012 with the Marin County Recorder's Office; C) a Notice of Trustee's Sale recorded on March 13, 2013 with the Marin County Recorder's Office; and D) a Notice of Rescission of Notice of Default and Election to Sell Under Deed of Trust recorded on April 17, 2013 with the Marin County Recorder's Office.

Plaintiff's opposition does not address Defendant's request for judicial notice, and so Plaintiff is not deemed to dispute the authenticity of any of the exhibits. (*See* Pl.'s Opp'n, Dkt. No. 44.) Accordingly, the Court finds that Exhibit A, B, C, and D are true and correct copies of

official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

For the reasons explained above, Defendant's Request for Judicial Notice is GRANTED.

**B.     Motion to Dismiss**

Wells Fargo seeks to dismiss all claims on the grounds that Plaintiff has misconstrued the terms of her forbearance agreement.[1]

1.   California Civil Code § 2923.4

Plaintiff's first cause of action is titled "Violation of Civil Code § 2923.4." Plaintiff alleges that Wells Fargo recorded a notice of default in December 2012 and a notice of trustee sale in March 2013. (FAC ¶ 29.) Between December 2012 and March 2013, Plaintiff alleges that Defendant did not contact her to discuss foreclosure alternatives, and therefore deprived her of a meaningful opportunity to stay in her home, in violation of the Homeowners' Bill of Rights ("HBOR"), California Civil Code § 2923.4. (FAC ¶¶ 28-30.)

In its motion to dismiss, Wells Fargo contends that § 2923.4 does not provide a specific right or impose a specific obligation, but merely states the general purpose of HBOR, and thus, Plaintiff's claim should be brought pursuant to § 2923.5 rather than § 2923.4. (Def.'s Mot. at 4.) The Court agrees. Since there can be no cause of action under § 2923.4, Plaintiff's first cause of action must be dismissed with prejudice.

2.   California Civil Code § 2923.5

Plaintiff's second cause of action is titled "Violation of Civil Code § 2923.5," in which she alleges that Defendant failed to comply with § 2923.5 before recording the notice of default and issuing a notice of trustee's sale. (FAC ¶ 36.) Plaintiff further contends that Defendant's

---

[1] In addition, Wells Fargo contends that Plaintiff's first amended complaint should be dismissed on the procedural grounds that she did not file the amended complaint in accordance with Federal Rule of Civil Procedure 15(a), did not obtain Wells Fargo's consent, and did not seek leave to amend from the Court. (Def.'s Mot. at 3-4.) Plaintiff, however, is proceeding pro se, so the Court will address the merits of the first amended complaint as if it were properly filed to preserve judicial resources.

1  failure to satisfy § 2923.5 mandates the postponement of the sale to give the lender an

2  opportunity to comply with the law.  (*Id.* at ¶ 36-37.)

3  California Civil Code § 2923.5(a) provides, in pertinent part, that before recording a

4  notice of default:

> A mortgage servicer shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure . . . the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency.

8  In its motion to dismiss, Wells Fargo contends that this cause of action fails as a matter

9  of law, because the only remedy available under § 2923.5 is to postpone the sale until the

10 lender complies with the enumerated loss mitigation requirements.  (Def.'s Mot. at 4.)  Wells

11 Fargo is correct. *See Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 877-78

12 (N.D. Cal. 2010) (after the property had been sold at foreclosure, no remedy remained for a

13 violation of § 2923.5); *see also Skov v. U.S. Bank Nat. Assn.*, 207 Cal. App. 4th 690, 696 (6th

14 Dist. 2012) ("The only remedy for noncompliance with the statute is the postponement of the

15 foreclosure sale.").

16 Wells Fargo contends that since the notice of default was rescinded and there is no sale

17 pending, Plaintiff has no available remedy.  (Def.'s Mot. at 4-5; RJN, Ex. D.)  This is also

18 correct.

19 In light of the above, Plaintiff's cause of action is moot and is dismissed without leave

20 to amend, because any amendment would be futile.

21  3.  <u>Promissory Estoppel</u>

22 Plaintiff's third cause of action is titled "Promissory Estoppel."  Promissory estoppel is "a

23 doctrine which employs equitable principles to satisfy the requirement that consideration must be

24 given in exchange for the promise sought to be enforced." *Kajima/Ray Wilson v. Los Angeles Cnty.*

25 *Metro. Transp. Auth.*, 23 Cal. 4th 305, 310 (2000) (quoting *Raedeke v. Gibraltar Sav. & Loan Assn.*,

26 10 Cal.3d 665, 672 (1974).)  California has adopted the Restatement's view on promissory estoppel

27 claims. *US Ecology, Inc. v. State*, 129 Cal. App. 4th 887, 901 (2005). The elements of a promissory

28 estoppel claim are "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to

6

whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Id.* (citation omitted.)

Plaintiff alleges that she received a special forbearance agreement on April 15, 2009, which reduced her monthly payments from $2,450.07 to $1,549.31 for a period of 20 months. (FAC ¶ 8.) Plaintiff alleges that at the time of the forbearance agreement, Defendant told her that if she made timely payments, she would be deemed current and in good standing at the end of the 20 month period. (FAC ¶¶ 40, 43.) This, she asserts, is not how the forbearance plan was structured, and after 20 months of on-time payments, Plaintiff was notified that she owed the difference in the mortgage payments, which amounted to over $900.00 per month. (FAC ¶ 8.) Plaintiff alleges that it was reasonably foreseeable that she would rely on Defendant's promise since she did not receive anything in writing telling her otherwise. (FAC ¶ 43.)

In its motion to dismiss, Defendant alleges that Plaintiff's promissory estoppel claim is subject to dismissal on the grounds that it is barred by the two-year statute of limitations for breach of an oral contract, and, separately, that the oral forbearance agreement was not a contract, but merely a temporary waiver of Defendant's right to collect the entire monthly mortgage payment. (Def.'s Mot. at 5-6.)

Regarding the statute of limitations, Plaintiff alleges that she received a letter on April 6, 2011 stating that "when Plaintiff received the special forbearance agreement she was notified that it would not bring the loan current." (FAC ¶ 10.) The relevant statute of limitations period is two years from the discovery of the facts constituting the breach of oral contract. *See* Cal. Code of Civ. Proc. § 339(3). Therefore, taking the facts stated as true, the statute of limitations period began to run on April 6, 2011. Since Plaintiff filed this action on March 29, 2013, the two-year statute of limitations period had not expired. Accordingly, the claim is not time-barred.

Nonetheless, the parties agree that they entered into a forbearance agreement. (FAC ¶ 40; Def.'s Mot. at 5-6.) Paragraph 12 of the Deed of Trust explicitly provides that any forbearance by the lender is not a waiver of its right to collect all amounts due:

> Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower . . . shall not operate to release the liability of Borrower . . . Any forbearance by Lender in

7

> exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities, or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

(RJN, Ex. A ¶ 12.)  Under California law, a forbearance of money is the giving of further time for the payment of a debt or an agreement not to enforce a claim at its due date, rather than an agreement to forgive all or part of a debt. *See Boerner v. Colwell Co.,* 21 Cal.3d 37, 44 n. 7, (1978); *Buck v.* Dahlgren, 23 Cal.App.3d 779, 785 (1972); *Chevron TCI, Inc. v. Carbone Properties Manager, LLC*, C-08-0782 (JCS), 2009 WL 929060 (N.D. Cal. Apr. 3, 2009); *DCM Partners v. Smith*, 228 Cal. App. 3d 729, 734-35 (1991).

Here, despite acknowledging that she entered into a forbearance agreement, Plaintiff now alleges that the oral agreement was more than a forbearance agreement, because it involved the forgiveness of the difference in monthly payments for a period of 20 months. (FAC ¶ 40.)  The Deed of Trust, however, defined the forbearance agreement, which explicitly stated that it was a temporary waiver of the lender's right to collect the full monthly payment for a period of time without initiating foreclosure proceedings. (RJN, Ex. A ¶ 12.)  It expressly stated that the acceptance of payments "in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy." *Id.*

In the absence of a forbearance agreement, Wells Fargo could have foreclosed sooner based on Plaintiff's failure to remit the entire $2,450.07 monthly payment.  Instead, as provided in the Deed of Trust, Wells Fargo temporarily waived its right to collect full monthly payments during the forbearance period, without waiving its right to the outstanding balance owed, and agreed not to foreclose while she was making the lower payments.  Wells Fargo, in fact, did not initiate foreclosure proceedings until after the conclusion of the forbearance period, which was permissible conduct under the Deed of Trust. (RJN, Ex. A ¶¶ 12, 22.)  That Plaintiff is misguided in her belief that she had obtained what amounts to a temporary loan modification by way of oral agreement is irrelevant, because the forbearance agreement was clearly defined in the Deed of Trust and California law.

8

Moreover, Plaintiff's promissory estoppel claims fails as a matter of law, because she cannot satisfy the elements. To sustain a promissory estoppel cause of action, Plaintiff's reliance has to be both reasonable and foreseeable, and she has to have suffered an injury as a result of that reliance. First, any belief that Plaintiff obtained a temporary loan modification is unreasonable, as California law dictates that loan modifications must be in writing. *See* Cal. Civ. Code § 2922. Second, it is not foreseeable that the recipient of a forbearance agreement would rely on receiving loan forgiveness without first receiving a loan modification from the lender. Third, Plaintiff was not injured by her alleged reliance because she was making reduced payments, despite a contractual obligation to make larger ones, and was able to postpone the possibility of foreclosure for 20 months. Therefore, Plaintiff cannot plead sufficient facts to state a cause of action for promissory estoppel.

Accordingly, Plaintiff's cause of action for promissory estoppel is dismissed without leave to amend, because any amendment would be futile.

4. Fraudulent Nondisclosure

Plaintiff's fourth cause of action is titled "Violations of Section 1709 and 1710 of the California Civil Code (Fraudulent Nondisclosure)." Plaintiff's fifth cause of action is titled "Constructive Fraud." Since both claims concern fraud, the Court will address them together. In her fourth cause of action, Plaintiff alleges that Defendant intentionally concealed or suppressed "the fact that Plaintiff would owe all monies immediately at the end of the forbearance plan" and that Defendant owes her a duty of care. (FAC ¶¶ 52-55.) In her fifth cause of action, Plaintiff alleges that Defendant took unfair advantage in the dealings with Plaintiff by not telling her that if she accepted the forbearance plan, her payments would be immediately due, or she would go into foreclosure. (FAC ¶ 61.) Plaintiff states that when her son negotiated the reduced payment amount, a Wells Fargo employee said the only condition for the reduction was that Plaintiff make 20 timely monthly payments and that no other conditions or terms applied. *Id.*

Fraud claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (a plaintiff alleging fraud must state with particularity the circumstances constituting fraud). "To

1 satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the

2 misconduct charged, as well as what is false or misleading about [the purportedly fraudulent]

3 statement, and why it is false." *United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc.*,

4 637 F.3d 1047, 1055 (9th Cir. 2011).

5 Here, Plaintiff does not describe any false statements made by Defendant, let alone allege when,

6 where, and how the statements were made. Plaintiff does not allege any specific facts to support her

7 allegation that Defendant induced her into accepting the forbearance plan. All Plaintiff provides is

8 that Defendant failed to tell her that her credit would be affected and that the forbearance agreement

9 would lead to a Notice of Default being filed. (FAC ¶ 51.) Plaintiff also provides that when her son

10 asked Defendant's employee whether any other conditions or terms attached to Defendant's offer to

11 reduce Plaintiff's payment, the employee said "no." (FAC ¶ 61.) Such statements do not describe a

12 false statement made by Defendant with sufficient particularity. Also, as provided above, it is

13 undisputed that there was a forbearance agreement between the parties, and Plaintiff signed the

14 Deed of Trust, which contained all of the terms of the agreement. Essentially, since all the loan

15 terms, including the forbearance clause, were contained in the loan documents that Plaintiff signed,

16 she had constructive notice of these terms at the time of origination. *See, e.g., Hague v. Wells Fargo*

17 *Bank, N.A.*, C11-02366, 2012 WL 1029668, at *5 (N.D. Cal. Mar. 26, 2012). Despite the

18 forbearance clause, Plaintiff cannot show that the forbearance agreement was more than just a

19 forbearance as described in the deed of trust. Moreover, a fraud claim may not consist of promises

20 that run counter to the written contract. *Groth-Hill Land Co., LLC v. Gen. Motors LLC*, C13-1362

21 TEH, 2013 WL 3853160, at *15-16 (N.D. Cal. July 23, 2013); *see also Casa Herrera, Inc. v.*

22 *Beydoun*, 32 Cal. 4th 336, 346 (2004). As such, the Deed of Trust contains the specific forbearance

23 provision rules, and the Court will enforce its contents, namely that a "[l]ender's acceptance of

24 payments . . . in amounts less than normally due, shall not be a waiver or preclude the exercise of

25 any right or remedy." (RJN, Ex. A ¶12.)

26 Further, Plaintiff alleges that a financial institution owes a duty of care to a borrower.

27 Not so. "[A]s a general rule, a financial institution owes no duty of care to a borrower when the

28 institution's involvement in the loan transaction does not exceed the scope of its conventional

10

1 role as a mere lender of money." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d
2 952, 969 (N.D. Cal. 2010) (quoting *Nymark v. Heart Fed. Savings & Loan Assn.,* 231 Cal. App.
3 3d 1089, 1096, (Cal. Ct. App. 1991). Plaintiff has not alleged that any of Wells Fargo's actions
4 exceeded the scope of its conventional role as a lender. *See Rosenfeld v. JPMorgan Chase*
5 *Bank, N.A.*, 732 F. Supp. 2d 952, 969 (N.D. Cal. 2010).  In fact, any conversations Wells Fargo
6 had with Plaintiff regarding her loan are not beyond the scope of the conventional money
7 lender and, therefore, no duty of care exists.  Accordingly, Plaintiff's fraud claims must be
8 dismissed with prejudice.

        5.   <u>Unfair Business Practices</u>

Plaintiff's sixth cause of action titled "Unfair Competition Law (UCL) - Business & Professional Code § 17200" provides that Wells Fargo engaged in unlawful, unfair and fraudulent business acts.  (FAC ¶¶ 69-74.)  Section 17200 concerns unfair competition and prohibited activities and provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  Each prong of the UCL is a separate and distinct theory of liability.  *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007).

Here, Plaintiff cannot show that Wells Fargo's actions were unlawful.  In order to state a claim for UCL, Plaintiff must identify an underlying statute that Wells Fargo violated.  *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060, 28 Cal. Rptr. 3d 933, 938 (2005) (no § 17200 liability "for committing 'unlawful business practices' without having violated another law").  Although Plaintiff identifies §§ 2923.4 and 2923.5 as the underlying statutes, this Court finds that since the notice of default has been rescinded and there is no sale is pending, Plaintiff's claims that Wells Fargo violated those statutes must be dismissed with prejudice.  *See supra* Part II.B.2-3.  Therefore, Plaintiff fails to allege conduct that falls within the prohibition of either statute.  *See Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) (dismissing Section 17200 claim where the underlying negligence and fraud claims were insufficient as a matter of law).

Additionally, Plaintiff cannot show that Defendant's actions were fraudulent.  A business practice is fraudulent if members of the public are likely to be deceived based on the effect it would

11

have on a reasonable consumer. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152 (9th Cir. 2012). Here, because the deed of trust contains a forbearance clause that enumerates Wells Fargo's rights, neither the public, nor Plaintiff is likely to be deceived. Additionally, as addressed above, Plaintiff must satisfy the heightened fraud pleading requirements, which she failed to do. *See Kearns*, 567 F.3d at 1125.

Lastly, Plaintiff cannot show that Defendant's actions were unfair. Under the unfairness prong, Plaintiff must allege conduct that is either tied to, or violates, a "legislatively declared policy," or is such that the "utility of the conduct outweighs the gravity of the harm to the alleged victims." *Lozano*, 504 F.3d at 736. "Any claims of unfairness under the UCL should be defined in connection with a legislatively declared policy." *Schnall v. Hertz Corp.*, 78 Cal.App.4th 1144, 1166–67 (2000). Here, Plaintiff makes conclusory statements as to how Defendant was unfair by simply reiterating her claims under fraud and promissory estoppel. (FAC ¶ 72.) This Court has already addressed why such claims fail.

Accordingly, Defendant's motion to dismiss Plaintiff's UCL claim is granted without leave to amend.

6. Negligent Infliction of Emotional Distress

Plaintiff's seventh cause of action is titled "Negligent Infliction of Emotional Distress." Claims of negligent infliction of emotional distress are treated as negligence claims to which the traditional elements of duty, breach of duty, causation, and damages apply. *Ess v. Eskaton Properties, Inc.*, 97 Cal.App.4th 120, 126 (2002) (*citing Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal.3d 583, 588, (1989)). To support this cause of action, Plaintiff must sufficiently allege that Wells Fargo owed her a duty of care.

Plaintiff argues that Defendant owed her a "duty of due care to properly service Plaintiff's loan and to be honest with Plaintiff. ... [And] provid[e] Plaintiff with the necessary information that would allow Plaintiff to make prudent and beneficial decisions regarding the forbearance plan." (FAC ¶ 77.) As discussed above, Wells Fargo did not owe Plaintiff a duty of care, because it did not act outside the scope of a conventional lender. *See supra* Part III.B.5.

Thus, Plaintiff's seventh cause of action is dismissed without leave to amend.

     7.   <u>Intentional Infliction of Emotional Distress</u>

Plaintiff's eighth cause of action is titled "Intentional Infliction of Emotional Distress" (IIED). Plaintiff alleges that Defendant's actions resulted in Plaintiff receiving a Notice of Default, facing foreclosure, and that her credit score was negatively affected. (FAC ¶ 83.) Plaintiff further provides that such actions were done with "complete, utter and reckless disregard of the probability of causing Plaintiff to suffer severe or extreme emotional distress," and thus caused Plaintiff to suffer severe or extreme emotional distress. (FAC ¶¶ 84-85.)

To prevail on a claim for IIED, Plaintiff must show: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct. *See Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991); *KOVR-TV, Inc. v. Superior Court*, 31 Cal. App. 4th 1023, 1028 (1995).

To satisfy the first element, the alleged conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminister*, 32 Cal.3d 197, 209 (1982). The defendant must have engaged in "conduct intended to inflict injury or engaged in with the realization that injury will result." *Id.* at p. 210. Here, Defendant sent the notice of default, which, in turn, negatively affected Plaintiff's credit score. Such conduct, however, is part of the lender/borrower relationship. If the borrower defaults on her payments, the lender is entitled to report to the credit bureaus that the borrower defaulted. Plaintiff's forbearance agreement went into effect on April 15, 2009. (FAC ¶ 10.) Therefore, the final, reduced payment would have been made on or around January 1, 2011. On April 6, 2011, Plaintiff received a notice that she owed the outstanding balance accrued during the forbearance period. *Id.* On August 10, 2011, a first notice of default was recorded with the Marin County Recorder's Office. (Initial Compl., Dkt. No. 1, Ex. A.) A second Notice of Default was subsequently recorded on December 6, 2012, which provided that the arrears was $17,339.34. (RJN, Ex. B.) Thus, there is no dispute that Plaintiff was behind in her payments, so Wells Fargo had a right to report her default to the credit bureaus.

In essence, Plaintiff cannot show that Defendant is liable for conduct that is so outrageous in character as to go beyond all possible bounds of decency or conduct that is utterly intolerable in a civilized community. Instead, Plaintiff shows that Defendant engaged in the typical conduct of a lender when the borrower is behind in her payments.

Thus, Plaintiff's IIED claim is dismissed without leave to amend.

### 8. Loss of Credit Expectancy

Plaintiff's ninth and final cause of action is titled "Loss of Credit Expectancy." Plaintiff alleges that she was "damaged by the loss of credit expectancy" and that the damages sustained include the "continuing loss of credit reputation, loss of credit expectancy, and increased out of pocket costs." (FAC ¶ 92.) Plaintiff's first amended complaint fails to cite to any authority supporting a theory of recovery. In addition, Plaintiff's opposition does not shed any light on how Plaintiff could state a claim should she be given leave to amend.

If anything, Plaintiff appears to attempt to plead a cause of action under the Fair Credit Reporting Act. Wells Fargo, however, as her lender, has the right to report that Plaintiff was behind in her payments.

Therefore, the ninth cause of action is dismissed without leave to amend.

### IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant Wells Fargo's motion to dismiss Plaintiff's first amended complaint in full and without leave to amend, because any amendment would be futile. The Clerk is ordered to close the case.

IT IS SO ORDERED.

DATE: March 24, 2014

KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE